UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT MILLER, | No. 2:17-cv-0136-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| BAYVIEW LOAN SERVICING, LLC, & PLACER TITLE COMPANY, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

<u>INTRODUCTION</u>

Plaintiff Herbert Miller initially commenced this wrongful foreclosure action against defendants Bayview Loan Servicing, LLC ("Bayview") and Placer Title Company ("Placer Title") on January 20, 2017, and paid the filing fee. (ECF No. 1.) Presently pending before the court is a motion to dismiss and motion to strike filed by Bayview. (ECF Nos. 17, 18.) Plaintiff has opposed the motions, and Bayview filed reply briefs. (ECF Nos. 22, 23, 24.) After carefully considering the written briefing, the court's record, and the applicable law, the court recommends that Bayview's motion to dismiss be GRANTED IN PART, that the action be DISMISSED on the terms outlined below, and that Bayview's motion to strike be DENIED WITHOUT PREJUDICE as moot. The court consequently also recommends that plaintiff's request for approval of a notice of lis pendens be DENIED.

BACKGROUND

The background facts are taken from plaintiff's operative complaint (see Complaint, ECF No. 1 ["Compl."]) and the public records attached to Bayview's request for judicial notice (see Request for Judicial Notice, ECF No. 19 ["RJN"]).[1]

On April 27, 2007, plaintiff executed a Deed of Trust in the amount of $1,000,000.00 as a security instrument for a loan to purchase property located at 11356 Alta Mesa East Road in Wilton, California (hereafter, the "Property"). (RJN, Ex. A.) The Deed of Trust identified plaintiff as the borrower, Reward Mortgage as the lender, Placer Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and the lender's successors and assigns, as well as the beneficiary under the Deed of Trust. (Id.) The Deed of Trust was recorded on April 30, 2007. (Id.) Plaintiff contends that the Deed of Trust was void as an illegal contract at the loan's origination, because the loan was actually funded not by Reward Mortgage, but by an unknown pre-securitized special purpose entity as part of a table-funded transaction prohibited by California law. (Compl. ¶¶ 11-28.)

On December 15, 2009, MERS, as nominee for Reward Mortgage, assigned the Deed of Trust to CitiMortgage, Inc. ("CitiMortgage"). (RJN, Ex. C.) The Assignment of Deed of Trust was recorded on December 30, 2009. (Id.) Several years later, on March 9, 2012, CitiMortgage substituted the Law Offices of Les Zieve for Placer Title as the trustee under the Deed of Trust. (RJN, Ex. D.) Shortly thereafter, on March 23, 2012, the Law Offices of Les Zieve, pursuant to CitiMortgage's instruction, executed a Notice of Default indicating that plaintiff was $415,224.11 in arrears on his loan. (RJN, Ex. E.) Both the March 9, 2012 Substitution of Trustee and the March 23, 2012 Notice of Default were recorded on March 27, 2012. (RJN, Exs. D, E.)

On May 8, 2012, CitiMortgage substituted Northwest Trustee Services, Inc. ("Northwest Trustee") as trustee in place of the Law Offices of Les Zieve. (RJN, Ex. F.) Subsequently, on June 27, 2012, Northwest Trustee executed a Notice of Sale for the Property. (RJN, Ex. G.) Both the May 8, 2012 Substitution of Trustee and the June 27, 2012 Notice of Sale were recorded on

---

[1] The court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

July 3, 2012. (RJN, Exs. F, G.)

A few years later, on April 1, 2014, Northwest Trustee executed another Notice of Sale for the Property, which was recorded on April 3, 2014. (RJN, Ex. H.) Thereafter, on October 11, 2014, CitiMortgage substituted Clear Recon Corp as the trustee in place of Northwest Trustee, and the Substitution of Trustee was recorded on October 30, 2014. (RJN, Ex. I.)

On January 21, 2015, Clear Recon Corp executed yet another Notice of Sale for the Property, which was recorded on January 28, 2015. (RJN, Ex. J.) Subsequently, on June 3, 2015, CitiMortgage assigned the Deed of Trust to Bayview, and that assignment was recorded on June 16, 2015. (RJN, Ex. K.) Clear Recon Corp ultimately conducted a trustee's sale on November 17, 2016, at which the Property was sold to Bayview, and a Trustee's Deed Upon Sale was recorded on December 5, 2016. (RJN, Ex. L.)

Plaintiff then commenced the instant action against Bayview and Placer Title on January 20, 2017. (ECF No. 1.) Plaintiff asserts the following claims: (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA") against Bayview; (2) violation of the federal Truth in Lending Act ("TILA") against Bayview; (3) violation of California's Rosenthal Fair Debt Collection Practices Act against Bayview; (4) violation of California's Unfair Competition Law against Bayview and Placer Title; (5) cancellation of instrument against Bayview and Placer Title; (6) negligence against Bayview and Placer Title; (7) slander of title against Bayview and Placer Title; (8) quiet title against Bayview and Placer Title; and (9) wrongful foreclosure against Bayview and Placer Title. (Id.)

The instant motion to dismiss and motion to strike by Bayview followed.

DISCUSSION

The court first addresses Bayview's motion to dismiss, before turning to Bayview's motion to strike.

Motion to Dismiss

*Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase

Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal). However, the court need not grant leave to amend where amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506

F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

*Analysis*

The court considers plaintiff's claims in the order asserted in the complaint.

In support of plaintiff's first FDCPA claim against Bayview, plaintiff alleges that Bayview made false representations and used unfair/unconscionable means to collect a debt when it claimed that plaintiff's mortgage was secured, claimed that the Property was subject to foreclosure, threatened to foreclose against the Property, and filed a Notice of Default against the title of the Property. (Compl. ¶¶ 40-48.) However, as Bayview points out, plaintiff's FDCPA claim is time barred. A FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In this case, the allegedly improper Notice of Default was executed on March 23, 2012, and recorded in the public records of Sacramento County on March 27, 2012, but plaintiff did not bring his FDCPA claim until almost 5 years later on January 20, 2017. (RJN, Ex. E.)[2] Plaintiff provides no legal authority for his unfounded assertion that the FDCPA's limitations period does not apply, because the entire loan and deed of trust is purportedly void. Nor does plaintiff's complaint or opposition brief provide any facts suggesting that equitable tolling is appropriate. Indeed, the Notice of Default was publically recorded on March 27, 2012, and plaintiff also received further notice of foreclosure efforts on the Property when the June 27, 2012 Notice of Trustee's Sale was mailed to plaintiff and posted at the Property, which plaintiff allegedly occupied as his home and primary residence at all times

---

[2] In any event, the public records of Sacramento County indicate that it was CitiMortgage, and not Bayview, that directed the then-trustee, the Law Offices of Les Zieve, to execute and record the March 23, 2012 Notice of Default. (RJN, Ex. E.) Moreover, beyond bald assertions and conclusory allegations, plaintiff has not alleged any facts suggesting that Bayview violated any specific provision of the FDCPA in the course of its involvement with plaintiff's loan.

relevant to this action. (RJN, Exs. E, G; Compl. ¶ 2.) Therefore, the FDCPA claim against Bayview should be dismissed with prejudice as time barred.

In support of plaintiff's second TILA claim against Bayview, plaintiff alleges that Bayview failed to appropriately notify plaintiff that his mortgage was transferred to Bayview within 30 days of that transfer as required by 15 U.S.C. § 1641(g). Bayview correctly contends that this claim is also time barred, because plaintiff failed to bring the claim "within one year from the date of the occurrence of the violation." See 15 U.S.C. § 1640(e). In this case, plaintiff's complaint alleges that the deed of trust was assigned to Bayview on December 15, 2009, whereas the public records indicate that the deed of trust was actually assigned to Bayview on June 3, 2015. (Compl. ¶ 32; RJN, Ex. K.) Even assuming the latter date, the notice required by 15 U.S.C. § 1641(g) would have been due July 3, 2015, and plaintiff did not file his claim until January 20, 2017. Furthermore, plaintiff's complaint or opposition brief does not provide any facts suggesting that equitable tolling is appropriate. The Assignment of Deed of Trust was publicly recorded on June 16, 2015. (RJN, Ex. K.) Plaintiff's complaint also alleges that Bayview "asserted to PLAINTIFF, through U.S. Mail, that it was the recipient of the Mortgage by assignment from MERS," although that letter purportedly did not comply with all the requirements of 15 U.S.C. § 1641(g). (Compl. ¶¶ 51, 52.) Moreover, plaintiff's opposition brief notes that he received billing statements from Bayview. (ECF No. 22 at 15.) Therefore, even assuming, without deciding, that Bayview failed to provide the required notice under 15 U.S.C. § 1641(g), plaintiff was well aware of Bayview's claims to ownership of the loan and the facts necessary to support a potential TILA violation, and nonetheless failed to bring a timely TILA claim. Thus, plaintiff's TILA claim should likewise be dismissed with prejudice as time barred.

The court notes that all of plaintiff's remaining claims are state law claims. Additionally, there is no complete diversity of citizenship, because both plaintiff and defendant Placer Title are citizens of California. Therefore, the court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates,

Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, given that the only federal claims have dropped out in the context of a motion to dismiss and that a trial date has not yet been set, dismissal of the state law claims without prejudice is appropriate.[3]

Motion to Strike

In light of the court's conclusion that the case should be dismissed, the court finds it unnecessary to address the pending motion to strike, which should be denied without prejudice as moot.

Request for Approval of Notice of Lis Pendens

Given the court's conclusion that the case should be dismissed, the court also recommends that plaintiff's request for approval of a notice of lis pendens (ECF No. 9), which was opposed by Bayview (ECF No. 14), be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Bayview's motion to dismiss (ECF No. 18) be GRANTED IN PART.
2. Plaintiff's federal claims for violation of the FDCPA and TILA be DISMISSED WITH PREJUDICE.
3. The remaining state law claims be DISMISSED WITHOUT PREJUDICE.
4. Bayview's motion to strike (ECF No. 17) be DENIED WITHOUT PREJUDICE as moot.
5. Plaintiff's request for approval of a notice of lis pendens (ECF No. 9) be DENIED.
6. The Clerk of Court be directed to close this case.

---

[3] Because the dismissal of the state law claims would be without prejudice, plaintiff may be able to pursue such claims in state court. Nevertheless, and although the court does not adjudicate the merits of those claims, those claims appear to be frivolous. Therefore, to avoid the potential imposition of sanctions in the state court forum, plaintiff should carefully consider whether refiling the action in state court is appropriate.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: October 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE